NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ZACHARY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, M.W., *Appellees*.

No. 1 CA-JV 17-0509
FILED 5-29-2018

Appeal from the Superior Court in Maricopa County
No. JD528301
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**C A T T A N I**, Judge:

¶1　　　　Zachary W. ("Father") appeals the superior court's order terminating his parental rights to his daughter, M.W.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Father was incarcerated beginning in March 2013, when M.W. was less than two years old.  While he was incarcerated, the Department of Child Safety ("DCS") removed M.W. from her mother's home, asserting that M.W.'s mother was abusing substances and physically abusing and neglecting M.W.'s sibling.[1]  DCS filed a petition alleging M.W. was dependent as to Father because, as a result of his incarceration, he was unable to provide for M.W.'s basic needs.  The superior court adjudicated M.W. dependent as to Father in April 2015.

¶3　　　　DCS offered Father substance abuse testing, parent-aide services, supervised visitations, and family counseling sessions when he was released from prison in June 2016.  Father was not recommended for substance abuse treatment, and at all relevant times he submitted to required drug testing.  Father had only one positive test for marijuana.

¶4　　　　Father attended only one family counseling session despite DCS advising him that it was important to help repair his relationship with M.W.  Father initially attended supervised visits, and the results were positive.  But he stopped attending after only a few months, and DCS closed out his supervised visitation services based on "lack of contact."  In March 2017, the superior court ordered DCS to refer Father for parent-aide services, but those services were also closed out for "lack of contact."

¶5　　　　In March 2017, DCS moved to terminate Father's parental rights on grounds of abandonment and 9 and 15 months' time in care.  The

---

[1]　　　The superior court also terminated M.W.'s mother's parental rights, but she is not a party to this appeal.

superior court granted DCS's motion, terminating Father's parental rights on all grounds. Father timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 8-235(A).

## DISCUSSION

¶6        The superior court is authorized to terminate a parent–child relationship if clear and convincing evidence establishes at least one statutory ground for severance, and a preponderance of the evidence shows severance to be in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). Father challenges only the grounds for severance; he does not challenge the superior court's best interests finding. We review a severance ruling for an abuse of discretion, deferring to the superior court's credibility determinations and factual findings. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶7        Under A.R.S. § 8-533(B)(8)(c), the superior court may terminate parental rights based on 15 months' time in care if: (1) the child has been in an out-of-home placement for at least 15 months, (2) "[DCS] has made a diligent effort to provide appropriate reunification services," (3) "the parent has been unable to remedy the circumstances" necessitating the out-of-home placement, and (4) "there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future." The relevant circumstances are those existing at the time of the severance. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 96 n.14, ¶ 31 (App. 2009).

¶8        Father argues that the superior court erred by finding that he had not remedied the circumstances necessitating the out-of-home placement and that he would not be capable of exercising proper parental care in the near future. But Father's incarceration resulted in his absence from M.W.'s life from a very young age. Accordingly, DCS appropriately urged his participation in services to develop a relationship with M.W. Nevertheless, Father stopped attending supervised visitation within months of his release from prison, he attended only one session of family counseling, and he did not engage in parent-aide services.

¶9        Father asserts that his accomplishments while incarcerated, his sobriety, and positive reports from his few visitations sufficiently demonstrate that he remedied the circumstances causing the out-of-home placement and can safely and effectively parent. Although the superior court acknowledged Father's completion of parenting classes while incarcerated and his compliance with the terms of his probation, the court

reasonably concluded that those factors were outweighed by Father's lack of meaningful participation in reunification services. We will not reweigh the evidence on review, and we hold that sufficient evidence supports the superior court's conclusion. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

¶10      Accordingly, the superior court did not abuse its discretion by finding that Father had not remedied the circumstances underlying the out-of-home placement and that there was a substantial likelihood that he would not be capable of exercising proper and effective parental care and control in the near future. Because we affirm the severance based on 15 months' time in care, we need not address the alternative grounds found by the court. *Id.* at 280, ¶ 3.

## CONCLUSION

¶11      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA